IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00186-M

| | | |
|---|---|---|
| ARTHUR VINCENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AUTOZONE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant AutoZone's motion to dismiss Plaintiff Arthur Vincent's *pro se* complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed May 18, 2020. [DE-6] For the reasons that follow, Defendant's motion is GRANTED.

**I.   Background**

On May 4, 2020, Plaintiff filed a motion for leave to proceed *in forma pauperis* (the "IFP motion"), and attached as an exhibit thereto a proposed complaint against Defendant bringing a claim under Title VII of the Civil Rights Act of 1964. [DE-1, 1-1] While Plaintiff's IFP motion was still pending: (1) Defendant filed its motion to dismiss (the "MTD") [DE-6]; (2) Plaintiff responded to Defendant's motion to dismiss [DE-11] and moved to strike Defendant's MTD papers (the "MTS") [DE-12]; (3) Defendant replied to Plaintiff's MTD response and responded to Plaintiff's MTS motion [DE-13, 14]; and (4) Plaintiff replied to Defendant's MTS response and filed an additional memorandum in support of his MTS [DE-15, 16].

On September 8, 2020, Magistrate Judge Swank issued an order and memorandum and recommendation in which she (1) granted Plaintiff's IFP motion and (2) recommended that the court dismiss Plaintiff's complaint as frivolous or for failure to state a claim within the meaning of 28 U.S.C.

1

§ 1915(e). [DE-17] Plaintiff filed (1) his complaint on September 16, 2020 [DE-18] and (2) an objection to Judge Swank's recommendation on September 23, 2020 [DE-19].

## II. Procedural posture

The Fourth Circuit has said that "[t]he Federal Magistrates Act requires a district court to make a de novo determination of those portions of [a] magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks, brackets, emphases, and citations omitted); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Liberally read, Plaintiff's objection challenges Judge Swank's recommendations generally, i.e., her recommendations that the court dismiss the complaint for frivolity or for failure to state a claim. [*see* DE-19 ("Arthur Vincent, pro se, seeks to Object written review for Frivolity or seeks to Object for failure to state a claim" (sic))]; *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) (discussing the "special judicial solicitude" afforded to *pro se* litigants).

The court's first-instance determination regarding the merit of Defendant's Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") MTD overlaps with its de novo review of Judge Swank's objected-to recommendation that the complaint be dismissed for failure to state a claim under 28 U.S.C. § 1915(e). *Compare* Fed. R. Civ. P. 12(b)(6) (contemplating dismissal where a party makes a motion raising the defense that a claim "fail[s] to state a claim upon which relief can be granted"), *with* 28 U.S.C. § 1915(e)(2)(B) ("the court shall dismiss [an IFP] case at any time if the court determines that the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted[.]"). Because the court determines, as discussed below in Section IV, that Plaintiff's complaint fails to state a claim upon which relief can be granted within the meaning of Rule 12(b)(6) for reasons argued within Defendant's MTD, the court therefore need not address 28 U.S.C. § 1915(e), and will limit its analysis to the Rule 12(b)(6) arguments made within the MTD.

2

### III. Legal standard

Federal Rule of Civil Procedure 8 ("Rule 8") requires a pleading to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant against whom a claim has been brought can challenge a pleading's sufficiency under Rule 8 by moving the court pursuant to Rule 12(b)(6) to dismiss the pleading for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

To survive a Rule 12(b)(6) motion, the plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the

3

pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

**IV.    Analysis**

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). "Absent direct evidence [of discrimination], the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). The failure to plausibly allege these elements renders a discrimination claim subject to dismissal under Rule 12(b)(6). *Id.* at 190–91.

Plaintiff's complaint fails to state a claim under Title VII for at least two reasons: (1) the complaint does not allege any facts regarding Plaintiff's race, color, religion, sex, or national origin, and thus fails to allege Plaintiff's "membership in a protected class"; and (2) the complaint fails to plausibly allege "different treatment from similarly situated employees outside the protected class." *Id.* at 190.

In his complaint, Plaintiff alleges that Defendant, his former employer, "discriminated against [him] by violating [his] civil rights under Title VII of the Civil Rights Act of 1964" because he was threatened, harassed, disrespected, and fired by Defendant in July 2019 "on the basis [of] Harassment, Age, Genetic Information, Color, [and] Equal Pay Compensation." [DE-18 at 2–3] Plaintiff's complaint, therefore, invokes only one of Title VII's protected classifications: "Color[.]" [DE-18 at 2] But like any other conclusory allegation, an allegation of color-based discrimination is insufficient to withstand a Rule

4

12(b)(6) challenge unless supported by factual details. *See Francis*, 588 F.3d at 193 ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). Because Plaintiff's complaint is altogether lacking allegations (1) regarding Plaintiff's color and (2) tending to show that color played a role in his alleged mistreatment, Plaintiff's complaint is subject to dismissal under Rule 12(b)(6). *Id.*

The Fourth Circuit has said, however, that *pro se* complaints must be afforded "special judicial solicitude[,]" and that *pro se* "litigants with meritorious claims should not be tripped up in court on technical niceties." *Beaudett*, 775 F.2d at 1277–78. In Plaintiff's response to Defendant's Rule 12(b)(6) motion, Plaintiff does not mention any facts that the court might consider construing as technically-improper-but-cognizable allegations of color-based discrimination sufficient to save the complaint. [*see generally* DE-11] In Plaintiff's objection to Judge Swank's recommendation, however, Plaintiff does attempt to inject more detail regarding his Title VII color-based-discrimination theory:

> Plaintiff was signaled out [sic] and treated differently than other employees to the point that Plaintiff was falsely arrested under grounds of Trespassing while the Harasser Michael and Ronnie was [sic] permitted to stay . . . To this day, one of the Harassers is still at the same location where these actions to [sic] place and he is white . . . [Defendant's] Senior Managers disregarded everything Plaintiff told them and they also knew Plaintiff was black.

[DE-19 at 3–4]

Even were the court to construe this statement as an allegation of Plaintiff's membership in a protected color-based class, such a statement fails as an allegation of "different treatment from similarly situated employees outside the protected class." *Coleman*, 626 F.3d at 190. First, the unidentified "Harasser[]"—either "Michael" or "Ronnie[,]" whose different skin color provides the only asserted "different [color-based] treatment[,]" and thus who must be the "similarly situated employee[]" upon whom

5

the court's analysis must focus—is identified elsewhere within Plaintiff's submissions as having a different role than Plaintiff within Defendant's organization. [*see* DE-11 at 9, 27, 33; DE-16 at 3 (identifying Michael Iannone as "Store Manager[,]" Ronald Gregor as "Commercial Manager" or "Commercial Sales Manager[,]" and Plaintiff as "Assistant Store Manager" or "employee/Parts Manager"). And more fundamentally, the fact that Defendant's unidentified "Senior Managers" knew that Plaintiff was black when Plaintiff was terminated and that the unidentified "Harasser" was white and was not terminated is insufficient to plausibly allege color-based discrimination under Title VII. *See Autry v. N.C. Dep't of Human Res.*, 820 F.2d 1384, 1386 (4th Cir. 1987) ("In order to establish a case of race discrimination . . . Plaintiff would have to be able to show a connection between her race and her failure to be promoted. In other words, she would have to show that she was not promoted *because of* her race, not that she was a member of the black race *and* was not promoted."); *Coleman*, 626 F.3d at 190–91 (affirming Rule 12(b)(6) dismissal of Title VII claim because "the complaint fails to establish a plausible basis for believing [that the plaintiff's colleague] and [the plaintiff] were actually similarly situated or that race was the true basis for [the plaintiff]'s termination"). Indeed, Plaintiff's complaint specifically alleges that his "Reason of Firing was never mentioned" to him. [DE-18 at 2] Where, as here, a claimed victim of workplace discrimination admits on the face of his pleading that he is speculating that an unknown discriminatory animus was the basis for his termination, dismissal is appropriate. *See Gray v. Walmart Stores, Inc.*, No. 7:10-CV-171-BR, 2011 U.S. Dist. LEXIS 106124, at *11 (E.D.N.C. Sep. 19, 2011) (dismissing Title VII claim where "the amended complaint is completely devoid of allegations that show that anyone [in Defendant's employ] possessed any racially-motivated animus or acted on the basis of race in making employment decisions that adversely affected plaintiff"); *Twombly*, 550 U.S. at 555–56 (plausibility requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level").

6

Because it does not plausibly allege the elements of color-based discrimination, Plaintiff's Title VII claim cannot survive Defendant's Rule 12(b)(6) challenge.

V. **Conclusion**

For the foregoing reasons, Defendant's motion to dismiss [DE-6] is GRANTED and Plaintiff's complaint is dismissed. Plaintiff's motion to strike [DE-12] is accordingly DENIED AS MOOT.

SO ORDERED this 30th day of September, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE